**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rose Hill and Mary Lee Hunt, Appellants,

v.

Dwayne Huggins; Joann Henry; Alfred Dale Huggins; Perry Huggins; Pavilack Finance Corp.; Derrick Williams; Angela Williams; Crystal Williams Rizzo, Kenneth Williams, John Doe and Jane Doe, being fictitious names used to designate any and all heirs-at-law of Patrick Huggins; Willie Huggins; Oneat Huggins; Gracie Ruth Huggins; and Alva Williams, deceased; their devisees, distributees, legatees or representatives, including such of them that may be minors, incompetents or persons suffering under any legal disability, and any and all persons claiming any right, title and interest or lien upon the real estate described in the Complaint in this action whether they are under legal disability or in the armed forces of the United States of America, Defendants.

Of whom Dwayne Huggins is, Respondent.

And Dwayne Huggins, Respondent,

v.

Rose Hill; Mary Lee Hunt; Joann Henry; Alfred Dale Huggins; Perry Huggins, a/k/a Peter Huggins; Pavilack Finance Corp.; Derrick Williams; Angela Williams; Crystal Williams Rizzo; and Kenneth Williams; Third-Party Defendants.

Of Whom Rose Hill and Mary Lee Hunt are Appellants.

Appellate Case No. 2010-176846

---

Appeal From Horry County
Jack M. Scoville, Jr., Special Referee

---

Unpublished Opinion No. 2012-UP-565
Heard October 2, 2012 – Filed October 24, 2012

---

**AFFIRMED**

---

Louis Morant, of Morant and Morant, LLC, of
Georgetown, for Appellant.

Toni T. Pennington, of Toni T. Pennington Law Firm, of
Pawleys Island, for Respondent.

George E. Graham, of McIver & Graham, P.C., of
Conway, for Guardian ad Litem.

---

**PER CURIAM:** Rose Hill and Mary Lee Hunt (Appellants) appeal the special
referee's order denying their claims of ownership of property located in Bucks
Township, Horry County, South Carolina, against the claim of Dwayne Huggins,
arguing the special referee erred in (1) failing to issue a ruling on the action to set
aside a deed and to actually set aside the deed, (2) failing to establish fee simple
title to Hill through adverse possession, and (3) ruling that the heirs of Willie
Huggins were barred by laches.  We affirm pursuant to Rule 220(b), SCACR, and
the following authorities:

1.      As to whether the special referee erred in failing to issue a ruling on the
action to set aside a deed and to actually set aside the deed: S.C. Code Ann. § 15-3-
530(7) (2005) (providing the proper statute of limitations for claims based on fraud

is three years); *Burgess v. Am. Cancer Soc'y, S.C. Div., Inc.*, 300 S.C. 182, 185, 386 S.E.2d 798, 799 (Ct. App. 1989) ("In South Carolina, the statute of limitations for causes of action for fraud is governed by the discovery rule, and does not begin to run until discovery of the fraud itself or of such facts as would have led to the knowledge thereof, if pursued with reasonable diligence." (citations and internal quotation marks omitted)).

2.      As to whether the special referee erred in failing to establish fee simple title to Hill through adverse possession: *Jones v. Leagan*, 384 S.C. 1, 10, 681 S.E.2d 6, 11 (Ct. App. 2009) ("Because an adverse possession claim is an action at law, the character of the possession is a question for the jury or fact finder.  Therefore, appellate review is limited to a determination of whether any evidence reasonably tends to support the trier of fact's findings." (citation omitted)).

3.      As to whether the special referee erred in ruling that the heirs of Willie Huggins were barred by laches: Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *Ex parte Morris,* 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006) ("As a general rule, to have standing, a litigant must have a personal stake in the subject matter of the litigation.  One must be a real party in interest, *i.e.,* a party who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**